IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-161-FL

| | | |
|---|---|---|
| GWENDOLYN JACKSON PINNIX, Executor of The Estate of David W. Jackson, Sr.; WARREN IVAN JACKSON, Executor of The Estate of David W. Jackson, Sr., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| SSC SILVER STREAM OPERATING COMPANY LLC, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for reconsideration of the court's August 27, 2015, order holding Heather Jackson ("Jackson") in contempt for failing to appear for deposition after issuance of a subpoena. (DE 44). The issues raised are ripe for ruling. For the reasons that follow, defendant's motion is denied.

**BACKGROUND**

On August 8, 2015, plaintiff noticed Jackson, a nonparty witness, by subpoena that she was to appear for deposition on August 19, 2015. On August 19, Jackson failed to appear for the deposition. On August 21, 2015, plaintiffs moved for Jackson to be held in contempt for failure to appear for deposition in response to a subpoena, and on August 27, 2015, the court granted plaintiffs' motion. On September 25, 2015, defendant moved for reconsideration of the court's order, arguing Jackson had not been served properly with the subject subpoena, nor was she

provided by plaintiff with the appropriate fees for her appearance or mileage, as required by Federal Rule of Civil Procedure 45.

**COURT'S DISCUSSION**

In considering the instant motion, the court addresses first whether defendant properly may challenge the subpoena on Jackson's behalf. Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 n. 7 (3d ed. & Supp. 2015) (listing cases). When a challenging party fails to make a showing that he has a personal right to, or privilege in, the information being sought in a third party's subpoena, the challenging party lacks standing to contest whether the subpoena was issued properly. See United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005); see also In re Grand Jury Subpoena John Doe, 584 F.3d 175, 184 n. 14 (4th Cir. 2007).

Jackson is defendant's former employee, but defendant's counsel admittedly does not represent Jackson, nor has anyone in counsel's office been in contact with Jackson. (Def. Mot. ¶ 5). Defendant claims it is not "mov[ing] to quash a deposition subpoena" (Def. Reply ¶ 2), and attempts to distinguish its motion from motions to quash in order to claim standing, by arguing that "[defendant] could not stand idly by and let an injustice occur." (Id.). Defendant, however, must, and does, challenge the validity of the subpoena as executed in order to challenge the court's order holding Jackson in contempt. Accordingly, defendant was required to make a showing as to what personal interest defendant possessed in Jackson's subpoena. Defendant's argument that "at some point Plaintiffs will attempt to create an adverse inference against [defendant] based on this alleged failure to comply by a former employee of [defendant]" does not demonstrate the personal

connection necessary to establish standing to contest the subpoena or the service of process upon a third party. (Def. Reply ¶ 7).

## CONCLUSION

Based on the foregoing, defendant's motion for reconsideration is DENIED. (DE 44).

SO ORDERED, this the 26th day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge