IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-161-FL

| | | |
|---|---|---|
| GWENDOLYN JACKSON PINNIX, Executor of The Estate of David W. Jackson, Sr.; WARREN IVAN JACKSON, Executor of The Estate of David W. Jackson, Sr., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| SSC SILVER STREAM OPERATING COMPANY LLC, | ) ) ) | |
| Defendant. | ) | |

This case, set for trial beginning September 25, 2017, came before the court for final pretrial conference on Monday, September 18, 2017. The court heard argument on plaintiffs' motion in limine (DE 93),[1] followed by argument on defendant's motion in limine. (DE 92). The court decided numerous evidentiary issues raised in these motions in rulings from the bench. Five issues remained for decision: 1) plaintiffs' motion to exclude evidence of defendant's compliance with the North Carolina State Building Code; 2) defendant's motion to exclude testimony of plaintiffs' expert witness, Kate Cogan, R.N. ("Cogan"); 3) defendant's motion to exclude evidence of its safety audit procedures; 4) defendant's motion to exclude evidence regarding application of black and yellow reflective tape to the handicap ramp; and 5) defendant's motion to exclude evidence that it painted

---

[1] At conference, where plaintiffs' counsel withdrew its first motion in limine, (DE 90), the court did not hear argument on it.

its handicap ramp yellow following decedent's accident on July 21, 2013.

For the reasons that follow, plaintiffs' motion in limine to exclude evidence regarding defendant's compliance with the North Carolina State Building Code is denied; defendant's motion in limine to exclude evidence from Cogan is denied; and defendant's motion to in limine to exclude evidence concerning its safety audit procedures also is denied. The court holds in abeyance decision on the remaining issues.

## COURT'S DISCUSSION

A.  Plaintiffs' Motion in Limine (DE 93)

Plaintiffs' motion concerns the admissibility of evidence regarding defendant's compliance with the North Carolina State Building Code ("Building Code"). Plaintiffs assert that evidence that defendant complied with the Building Code should be excluded because it is irrelevant to the case under Federal Rule of Evidence Rule 401, and because it would confuse and prejudice the jury under Rule 403.

Only relevant evidence is admissible. Fed. R. Evid. 401. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The "basic standard of relevance . . . is a liberal one." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 (1993). Irrelevant evidence is not admissible. Fed. R. Evid. 402. Under Rule 403, the court must ensure that the probative value of any proffered evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403

2

should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996).

In the present case, defendant intends to offer expert testimony from David Sims ("Sims") that its "[handicap] ramp complies with the accessibility Code that was in force at the time of construction (2003–2004) . . . and with the current accessibility Code." (DE 94-2, p. 1). In his expert report, Sims indicated that the ramp complies with the "2004 North Carolina State Building Code Volume 1-C 1999 Edition updated in 2002." (Id.).

Defendant asserts that this evidence is a fundamental defense to plaintiffs' claims and is relevant to establish that the handicap ramp and surrounding curb were not a hazard to decedent. Defendant also contends that the evidence is relevant to testimony provided by plaintiffs' expert, nurse Cogan. Furthermore, where the North Carolina Administrative Code ("Administrative Code") governing skilled nursing facilities requires compliance with the Building Code, defendant suggests that such compliance is relevant to additional issues raised in the present case.

Evidence that defendant's handicap ramp complied with the Building Code is relevant under Rule 401 as it makes it more probable that defendant ensured that decedent's "environment remain[ed] as free of accident hazards as possible." 10A NCAC 13D § .2208(e). See e.g., Thomas v. Dixson, 88 N.C. App. 337, 343 (1988) (citing Pasour v. Pierce, 76 N.C. App. 364, 368–69 (1985)) ("Whether or not a building meets [the North Carolina State Building Code], though not determinative to the issue of negligence, has some probative value as to whether or not defendant failed to keep his store in a reasonably safe condition.").

Notwithstanding this relevancy, the evidence is prejudicial. To be sure, a jury may place undue weight on the fact that defendant's building structures complied with state code. However,

3

the risk of any confusion or undue prejudice may be mitigated through a limiting instruction. Deans v. CSX Transp., Inc., 216 F.3d 398, 401 (4th Cir. 2000) ("The district court alleviated any prejudice or confusion that might have occurred from the introduction of this testimony with a limiting instruction."); Aramony, 88 F.3d at 1378 ("[T]he unfair prejudicial value of evidence can be generally obviated by a cautionary limiting instruction.") (internal quotation omitted). Plaintiffs may offer a proposed limiting instruction. For reasons given, plaintiffs' motion in limine on this issue is denied.

B.   Defendant's Motion in Limine (DE 92)

   1.   Testimony from Plaintiffs' Expert Kate Cogan, R.N.

It is well-established that district courts have broad discretion in deciding motions in limine. "Questions of trial management are quintessentially the province of the district courts." United States v. Smith, 452 F.3d 323, 332 (4th Cir. 2006); see also Arnold v. E. Air Lines, Inc., 681 F.2d 186, 194 (4th Cir. 1982) ("[M]any details of trial management [are] necessarily committed to broad trial court discretion."). Pursuant to Federal Rule of Civil Procedure 16, a district court must enter a scheduling order, which sets deadlines for filing motions. Fed. R. Evid. 16(b)(3). A court may modify a scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4).

Although couched as a motion in limine, defendant's motion to exclude expert testimony from Kate Cogan is plainly made pursuant to Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993). Pursuant to case management order entered September 22, 2014, as amended June 9, 2015, defendant had until June 15, 2016, to file any Daubert motion. However, defendant filed its motion September 5, 2017, more than a year after the deadline for filing Daubert motions had expired, and defendant has failed to show any good cause for its late filing.

4

Failure to comply with the court's procedural rules and other imposed deadlines is not lightly excused. See e.g., United States v. Clark, 704 F. Supp. 627, 628 (E.D.N.C. 1988). Furthermore, to exclude portions of Cogan's testimony at this juncture would likely prejudice plaintiffs. Accordingly, the court denies defendant's motion to exclude expert testimony from Kate Cogan on the basis offered. To the extent defendant would seek at trial to raise other objections to her testimony, the court of course will take these up at the time(s) offered.

2. Evidence of Safety Audit Procedures

Federal Rule of Civil Procedure 72(a) gives magistrate judges the authority to enter orders on non-dispositive matters. Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy [of a magistrate judge order]." Id. "A party may not assign as error a defect in the order not timely objected to." Id. A district court must only set aside a magistrate judge's order to the extent it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A) ("A judge . . . may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A motion to compel is a non-dispostive motion. See e.g., Tilley v. United States, 270 F. Supp 2d 731. 734, n.1 (M.D.N.C. 2003) (citing Chavous v. D.C. Fin. Resp. & Mgmt. Asst. Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (indicating that a dispositive motion is one which "has the potential to dispose of the case without the need for further discovery").

On May 28, 2015, plaintiffs filed a motion to compel production of certain documents relating to defendant's safety audit procedures and Safety Team Committee meetings. (DE 25). Defendant objected to production of those documents on the basis that they were protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), 42 U.S.C.

§ 1320d; N.C. Gen. Stat. § 131E-107; and 42 U.S.C. §§ 1396r(b)(1)(B). (DE 32, 33). On August 6, 2015, Magistrate Judge Robert B. Jones, Jr. entered an order granting plaintiffs' motion to compel. (DE 36). The order required defendant to produce Safety Team Committee meeting minutes and safety audit forms. (Id.).

Defendant now seeks to exclude evidence regarding its safety audit procedures on the same basis as the "arguments found in its Response to [plaintiffs'] Motion to Compel." (DE 92, p. 30). Where defendant's motion in limine reiterates arguments presented to the magistrate judge, the court construes the motion in limine as an untimely objection to the magistrate judge's order.

Notwithstanding defendant's delay in raising objection, upon its review, the court is satisfied that the magistrate judge's order is not clearly erroneous or contrary to law. The magistrate properly found that the safety audit documents were not protected by the quality assurance privilege under North Carolina law. To the extent defendant objected to production of the evidence on the basis that it was protected by HIPPA, the magistrate judge properly directed defendant to move for a HIPPA-qualified protective order. After defendant later informed the court that "no documents relating to any accident or injury sustained by any resident in the nursing home related to the handicap ramp at issue in this case in the two years prior to July 21, 2013," the court entered subsequent order relieving the parties of any obligation to file a HIPPA-qualified protective order. (DE 38). Where the court is satisfied that the magistrate judge's order is not clearly erroneous, pursuant to Rule 72(a), the court denies defendant's motion. To the extent defendant would seek at trial to raise other objections to introduction of this evidence, the court of course will consider any objection when raised.

In sum, the court denies plaintiffs' motion to exclude evidence of defendant's compliance

with the Building Code; denies defendant's motion to exclude expert testimony from nurse Cogan; and denies defendant's motion to exclude evidence concerning its safety audit procedures. At this juncture, the court holds in abeyance ruling on defendant's motion to exclude evidence regarding application of black and yellow reflective tape as well as evidence that defendant painted its handicap ramp yellow after decedent's accident.

## CONCLUSION

Based on the foregoing, plaintiffs' motion in limine, (DE 93), is DENIED. Defendant's motion to exclude expert testimony of Kate Cogan, R.N. and evidence concerning its safety audit procedures, (DE 92), is DENIED in these parts. The court HOLDS IN ABEYANCE remaining address of defendant's motion to exclude evidence regarding application of reflective tape and yellow paint on the handicap ramp. (DE 92).

SO ORDERED, this the 24th day of September, 2017.

LOUISE W. FLANAGAN
United States District Judge