IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-161-FL

| | |
|---|---|
| GWENDOLYN JACKSON PINNIX, Executor of The Estate of David W. Jackson, Sr.; WARREN IVAN JACKSON, Executor of The Estate of David W. Jackson, Sr., | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| SSC SILVER STREAM OPERATING COMPANY LLC, | ) ) ) |
| Defendant. | ) |

ORDER

This matter is before the court upon plaintiffs' motion in limine to exclude argument that decedent was contributorily negligent in causing his accident on July 21, 2013. (DE 115). Also before the court is defendant's motion to amend. (DE 122). Defendant has responded in opposition, and in this posture the issues raised are ripe for adjudication. For the reasons that follow, plaintiffs' motion is granted and defendant's motion is denied.

**BACKGROUND**

On September 21, 2017, plaintiffs filed the instant motion in limine to exclude argument that decedent was contributorily negligent in causing his accident on July 21, 2013. Plaintiffs seek to exclude argument on a contributory negligence defense, where defendant failed to plead or raise such defense in its answer. On September 25, 2017, defendant filed a response in opposition and a motion to amend its answer. Defendant contends that it should be allowed to offer argument on

decedent's contributory negligence, where plaintiffs' "now seem[] to . . . assert[] that [decedent] . . . missed the ramp, ran off the edge of the curb, fell out of his chair and sustained a cut on the top of his head which led to anoxic brain injury and death." (DE 121, p. 2).

On September 18, 2017, defendant filed its proposed jury instructions. The proposed jury instructions requested the court instruct the jury as to decedent's contributory negligence. (See DE 110, p. 9–10). Prior to this date, defendant never raised the affirmative defense of contributory negligence. Significantly, defendant never raised the affirmative defense in its answer, proposed pretrial order, or its proposed verdict forms. In its answer, however, defendant did reserve the right to assert any defense "that may become available or appear during discovery in th[e] case." (DE , ¶ ). Defendant also reserved its right to amend its answer to assert any such defense.

## COURT'S DISCUSSION

Federal Rule of Civil Procedure 8(c) requires a party to affirmatively state any affirmative defense, including contributory negligence. Fed. R. Civ. P. 8(c). "Under the accepted interpretation of Rule 8(c) . . . , any matter constituting an avoidance or affirmative defense to the matters raised in plaintiff's complaint must be pleaded in a timely manner or it is deemed to be waived." Westfarm Assoc. Ltd. P'ship v. Washington Suburban Sanitary Comm'n, 66 F.3d 669, 689 (4th Cir. 1995) (internal quotations omitted). However, "waiver is not automatic, [and] require[s] a showing of prejudice or unfair surprise." Peterson v. Air Line Pilots Ass'n Intern., 759 F.2d 1161, 1164 (4th Cir. 1985) (internal citations omitted).

Rule 15(b) allows a party to amend pleadings during and after trial if "at trial, a party objects

that evidence is not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1).[1] Under Rule 15(b), the "court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Id.

The Fourth Circuit has in various circumstances upheld decisions to waive affirmative defenses not pleaded. For example, in S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367 (4th Cir. 2003) ("Edwards"), the plaintiff sought to exclude argument concerning a statute of limitations defense, after the defendant raised it for the first time in its motion for summary judgment. Id. at 371. The Fourth Circuit upheld the district court's finding that defendant waived a statute of limitations defense, where for a period of two years, defendant engaged in discovery, attended depositions of witnesses, and examined the reports of proposed witnesses; and failed to raise the defense throughout the course of the litigation. Id. at 373. In affirming the district court's waiver of the defense, the court reasoned that "if th[e] defense were not waived, [defendant], by its inaction and persistence that there had been no damage, would simply escape liability." Id. The court noted further that "[w]hether the actions of [the defendant] were by inadvertence or design, the result does not differ. [Plaintiff] was taken by unfair surprise and prejudiced by the delayed assertion of the two-year limitation defense." Id.

In the present case, defendant raised the defense of contributory negligence for the first time in its proposed jury instructions. Prior to filing its proposed instructions, defendant participated in

---

[1] In its motion to amend, defendant requests the court allow amendment of answer pursuant to Rule 15(a)(2). Where trial commenced September 25, 2017, and prior to the time defendant filed its motion to amend, the court instead considers defendant's request under standards set forth in Rule 15(b).

3

discovery, attended depositions, engaged in settlement efforts, and participated in other litigation activities. Despite having the opportunity to raise contributory negligence as an affirmative defense throughout the course of these litigation activities, defendant failed to do so. Furthermore, throughout various filings with the court, defendant has not represented that it is pursing its case on a contributory negligence theory. Rather, defendant has represented that its theory of the case hinges on proximate causation, more specifically, that decedent's fall was not the cause of his death. According to defendant, decedent died as a result of a cardiac event which caused his accident on July 21, 2013.

Defendant now contends that the issue of decedent's contributory negligence is appropriately raised, where plaintiffs offer new evidence that warrants application of this affirmative defense. Relying on Seidman v. Fishburne-Hudgins Educ. Foundation, Inc., 724 F.2d 413, 416 (4th Cir. 1984), defendant argues that the court should permit it to amend its answer to include contributory negligence as an affirmative defense. In Seidman, the Fourth Circuit affirmed the district court's decision to allow the defendant to amend its answer to include a contributory negligence defense after evidence was presented at trial that tended to show a possibility that the decedent's sister contributed to his suicide. Id.

Contrary to defendant's suggestion, plaintiffs have not offered such "new" evidence to warrant amendment of answer in this case. Defendant has been aware throughout the course of litigation that evidence exists which tends to support the theory that decedent was competent. For example, defendant's own expert, Mary Rudyk, M.D., testified that decedent was competent. (See Rudyk Dep., DE 59-3, at 15:14–16:25). To the extent defendant claims that plaintiffs "now seem[] to . . . assert[] that [decedent] . . . missed the ramp, ran off the edge of the curb, fell out of

4

his chair and sustained a cut on the top of his head which led to anoxic brain injury and death." (DE 121, p. 2), defendant's argument misses the mark. Contrary to defendant's contention, this assertion is not "new." Throughout the course of litigation, plaintiffs have presented to the court that its theory of the case is that defendant is negligent, in part, for failing to supervise decedent. (See e.g., DE 1-1, at ¶ 30(E)–(G)). This theory is consistent with, and embraces, the possibility that decedent missed the ramp because he was not being supervised. Even if plaintiffs made new factual assertions, or offered new evidence, amendment under Rule 15(b) is still not appropriate. Here, defendant has failed to satisfy the court that plaintiffs' "new" theory and factual assertions will prejudice its defense.

Importantly, defendant represents that its defense is that decedent "suffered an acute cardiac event as he approached the ramp and that this event caused him to partially miss the ramp and fall out of his chair." (DE 121, p. 2). Whether or not decedent was contributorily negligent has little to no bearing on this defense. Accordingly, amendment is not appropriate under circumstances presented here. See Fed. R. Civ. P. 15(b) ("[The] court should freely permit an amendment when doing so will aid in presenting the merits <u>and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits</u>) (emphasis added).

At this juncture, allowing defendant to present argument on decedent's contributory negligence unfairly prejudices plaintiffs. See e.g., Edwards, 352 F.3d at 373. Furthermore, defendant has failed to satisfy the court that amendment is appropriate. Accordingly, the court grants plaintiffs' third motion in limine and denies defendant's motion to amend.

## CONCLUSION

Based on the foregoing, the court GRANTS plaintiffs' third motion in limine (DE 115), and DENIES defendant's motion to amend. (DE 122). At trial, defendant may not present argument concerning decedent's contributory negligence.

SO ORDERED, this the 26th day of September, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge