IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-161-FL

| | |
|---|---|
| GWENDOLYN JACKSON PINNIX, Executor of The Estate of David W. Jackson, Sr.; WARREN IVAN JACKSON, Executor of The Estate of David W. Jackson, Sr., <br><br> Plaintiffs, <br><br> v. <br><br> SSC SILVER STREAM OPERATING COMPANY LLC, <br><br> Defendant. | **ORDER** |

This matter is before the court on the plaintiffs' motion for bill of costs (DE 158), first amended motion for bill of costs (DE 163), second amended motion for bill of costs (DE 165), and motion to disallow defendant's costs (DE 167). Also before the court are defendant's motion for bill of costs (DE 160) and motion to disallow plaintiffs' costs (DE 162). These motions have been fully briefed, and the issues raised are ripe for adjudication. For the following reasons, the court grants plaintiffs' second motion for bills of costs and motion for disallowance of defendant's costs, and denies the remaining motions.

**BACKGROUND**

Defendant[1] removed this action to this court on August 6, 2014. See Notice of Removal, DE 1. On July 20, 2016, defendant filed an offer of judgment (DE 51) providing the following:

> Defendant SSC Silver Stream Operating Company LLC, pursuant to Fed. R. Civ. P. 68(a), does hereby offer judgment in the sum of $25,000, each party to pay their own costs. In the event that Plaintiff does not accept said offer of judgment,

---
[1] Initially plaintiffs alleged claims against both SavaSeniorCare LLC and SSC Silver Stream Operating Company LLC. On September 11, 2014, plaintiffs filed a notice of voluntary dismissal (DE 18) as to SavaSeniorCare, LLC.

> Defendant does hereby give notice, pursuant to Fed. R. Civ. P. 68(d), that, if the judgment that Plaintiff finally obtains is not more favorable than the offer made herein, Plaintiff must pay the costs incurred after the offer was made.

Plaintiffs did not accept the offer of judgment, and the matter proceeded to a jury trial.

On October 4, 2017, the jury issued a verdict awarding plaintiffs $13,109.45. See Jury Verdict, DE 151. The clerk entered judgment on October 5, 2017. See Judgment, DE 154. Plaintiffs filed a motion for a new trial on damages (DE 155) on October 5, 2017, and a motion to amend the judgment to include pre-judgment interest (DE 156) on October 6, 2017. The court granted the motion to amend judgment via text order on October 6, 2017, and the clerk entered an amended judgment (DE 157) that same date, providing: "Plaintiffs shall have and recover of Defendant only economic damages in the amount of $13,109.45, with interest at the rate of 8% per annum from and after August 6, 2014, date of filing of complaint, up to and until date of entry of judgment, and thereafter at the legal rate until paid in full."

Thereafter, defendant filed a motion for judgment as a matter of law (DE 175), and each side filed the instant motions for bills of costs and motions for disallowance of cost. On August 16, 2018, the court denied plaintiffs' motion for new trial on damages and defendant's motion for judgment as a matter of law. See August 16, 2018 Order, DE 179.

**COURT'S DISCUSSION**

A.    Standard of Review

Federal Rule of Civil Procedure 54 provides that a prevailing party is entitled to costs, "[u]nless a federal statute, these rules, or a court order provides otherwise." See Fed. R. Civ. P. 54(d)(1). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. §

1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." <u>Earp v. Novartis Pharmaceuticals Corp.</u>, No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

Rule 68, however, modifies the cost-shifting provisions of Rule 54. <u>Delta Air Lines, Inc. v. August,</u> 450 U.S. 346, 351-356 (1981). Specifically, Rule 68(a) provides, in pertinent part: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). To constitute a valid offer under Rule 68, an offer of judgment must be timely and must not exclude any of the costs accrued on the day of the offer. See <u>Delta Air Lines, Inc.</u>, 450 U.S. at 375. If the opposing party does not accept the offer and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). To determine whether a "judgment finally obtained" is more favorable than an earlier offer of judgment, a court must consider not only the amount awarded by the jury, but also allowable costs incurred by the prevailing party before the offer of judgment. See <u>Marryshow v. Flynn</u>, 986 F. 2d 689, 692 (4th Cir. 1993).

B. Analysis

Plaintiffs initially moved for an award of costs as the prevailing parties in this action. See Second Amended Mot. for Costs, DE 165. Defendant, however, contends that pursuant to Federal Rule of Civil Procedure 68, plaintiffs are not entitled to any costs incurred after the date of the rejected offer of judgment, July 20, 2016, and that defendant is entitled to the costs it incurred after that date. See Def.'s Mot. for Bill of Costs, DE 160; Def.'s Mot. for Disallowance of Costs, DE 162. Plaintiffs, in response, argue that when prejudgment interest and the costs they incurred before July 20, 2016, are added to the jury verdict, the amount of the judgment they finally obtained is $25,004.78, and therefore exceeds defendant's offer of judgment in the amount of $25,000.00.

3

The court will consider which parties are entitled to costs, and the allowable amount of costs, in turn.

1. Entitlement to costs

The court concludes that it need not determine whether the judgment finally obtained by plaintiffs exceeds $25,000.00 because defendant's July 20, 2016 offer of judgment was invalid. See Marek v. Chesney, 473 U.S. 1, 5 (1985) (stating that the first issue to address when reviewing a denial of costs is whether an offer of judgment is valid). Rule 68(a) allows a party defending against a claim to serve on an opposing party "an offer to allow judgment on specified terms, *with the costs then accrued*." Fed. R. Civ. P. 68(a) (emphasis added). Courts have construed this language to mean that "[t]he sole constraint Rule 68 places on offers of judgment is its mandate that an offer include 'costs then accrued.'" Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc., 298 F.3d 1238, 1241 (11th Cir. 2002). As the Supreme Court has explained:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs. . . . Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* includes costs, a timely offer will be valid.

Marek, 473 U.S. at 6; see also Webb v. James, 147 F.3d 617, 622 (7th Cir. 1998) ("And the effect of Marek is clear. Rule 68 offers must include costs."). Accordingly, where an offer has specifically excluded costs, courts have determined that the offer was invalid. See Thompson v. S. Farm Bureau Cas. Ins. Co., 520 F.3d 902, 903 (8th Cir. 2008) (per curiam) (determining that an offer that denied liability costs was invalid under Rule 68).

Here, defendant's offer specifically provided that each party was to bear their own costs. See Offer of Judgment, DE 51 ("Defendant SSC Silver Stream Operating Company LLC, pursuant to Fed. R. Civ. P. 68(a), does hereby offer judgment in the sum of $25,000, each party to pay their own costs."). This exclusion of costs renders defendant's offer of judgment invalid under Marek. Accordingly, plaintiffs are entitled to all allowable costs under § 1920, defendant is not entitled to any award of costs, and plaintiffs' motion to disallow defendant's requested costs is granted.

2. Allowable Costs

Plaintiffs seek costs in the amount of $11,955.87. Specifically, plaintiffs seeks costs for (1) the fees of the clerk and marshal, pursuant to § 1920(1), in the amount of $1,329.77; (2) fees for printed and electronically recorded transcripts necessarily obtained for use in the case, pursuant to § 1920(2), in the amount of $7,647.45; (3) fees for witnesses, pursuant to § 19203), in the amount of $1,773.45; and (4) fees for exemplification and the costs of making copies of materials that were necessarily obtained for use in the case, pursuant to § 1920(4), in the amount of $1,205.20. Of these requested costs, defendant objects to plaintiffs' requested costs for the fees of the marshal and the fees for depositions necessarily obtained for use in the case.

Specifically, defendant objects to the portion of the costs plaintiffs seek for a private process server to serve Heather Jackson with a document relating to a contempt of court proceeding. See Arista Records LLC v. Gaines, 635 F. Supp. 2d 414, 418-19 (E.D.N.C. 2009) (concluding that taxation of costs for private process servers is allowable under § 1920). Relying on the Application for Costs Guidelines approved by the court, defendant contends that service fees may only be taxed for the service of (1) summonses; (2) trial subpoenas for witnesses who actually testified at trial; (3) deposition subpoenas where the cost of deposition has also been taxed, and (4) subpoenas for materials submitted at trial or in support of a motion to terminate a case.

See Application for Costs Guidelines, § II.B. The portion of the Guidelines cited by defendant, however, is an explanatory note on general practices, and does not purport to limit what may be taxed by the court or the clerk. Plaintiffs' counsel has declared that the service of the document was necessarily incurred in this action, see Second Amend. Mot. for Bill of Costs (DE 165), and accordingly, the court finds that requested service fees are an allowable cost.

With regard to the requested costs for fees for deposition transcripts, defendant contends that plaintiffs appear to seek unallowable costs. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case may be taxed as costs. 28 U.S.C. § 1920(2). However, "costs incident to the taking of depositions . . . normally include only the reporter's fee and charge for the original transcript of the deposition," while costs for "multiple copies of depositions" are not taxed. Local Civil Rule 54.1(c). This court has interpreted these provisions as not encompassing fees for copies of deposition exhibits, postage, shipping and handling, witness read and sign charges, multiple copies of depositions, ASCII disks, and litigation support packages. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C., June 27, 2012) (disallowing costs for shipping and postage); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) ("[T]axable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition").

Plaintiffs appear to recognize that not all of the costs they incurred with regard to deposition transcripts are taxable, because their requested costs, $7,647.75, are less than the total of all proffered transcript invoices, $7,890.47. See Amend. Mem. in Support of Mot. for Bill of Costs, Ex. A (DE 164-4). As defendant observes, however, plaintiffs' requested costs necessarily include nontaxable items. Excluding those non-taxable costs,[2] the court finds that plaintiffs are entitled to $7,096.17 in costs for fees for deposition transcripts necessarily obtained for use in the case.

The court finds that plaintiffs' remaining requested costs are allowable under § 1920. Accordingly, plaintiffs' second amended motion for bill of costs is granted,[3] defendant's motion for disallowance of costs is denied, and costs in the amount of $9,631.14[4] are taxed against defendant.

---

[2] Those non-taxable costs include:
(1) Deposition of Warren Jackson and Nicky Bramlett, Exhibit Fees ($1.00);
(2) Deposition of Melissa Sullivan, Frank Giannini, and Crystal Escoffey, Exhibit Fees ($23.00) and Postage ($15.00);
(3) Deposition of Melissa Sullivan, Vol 2. and Francis Dowgos, Exhibit Fees ($21.15) and Postage ($10.00);
(4) Deposition of Christine James, Gwendolyn Huffman, and Heather Jackson, Exhibit Fees ($5.25), Witness Copy to Read & Sign ($25.00), and Postage ($15.00);
(5) Deposition of Heather Jackson, Exhibit Fees ($1.75), Postage ($10.00);
(6) Deposition of Gregory Compton, Exhibit Copies ($7.65), Exhibit CD ($35.00), CD:ASCII ($25.00), Condensed Transcript ($15.00), Processing and Handling Fee ($30.00), and Delivery ($20.00);
(7) Deposition of William Oliver, Processing and Handling Fee ($30.00), Delivery ($20.00), and Conference Call ($56.60);
(8) Deposition of Brad Sewell, Exhibit Fee ($46.50), Condensed Transcript ($16.00), and Digital Transcript ($30.00);
(9) Deposition of Mary Rudyk, Exhibit Fee ($54.00), Condensed Transcript ($16.00), Digital Transcript ($30.00), and Witness Read & Sign ($17.50);
(10) Deposition of Kate Cogan, Exhibit Fees ($20.50 and $56.55), Condensed Transcript ($16.00), Digital Transcript ($30.00), and Witness Read & Sign ($17.50); and
(11) Deposition of Thomas D. Owens, Exhibit Fees ($8.00 and $5.85), Condensed Transcript ($16.00), Digital Transcript ($30.00), and Witness Read & Sign Letter ($17.50).

[3] Plaintiffs' first and first amended motions for bill of costs (DE 158, 163) are denied as moot.

[4] This encompasses:
   (1)  $200.00 for fees of the clerk;
   (2)  $1,129.77 for fees of the marshal;
   (3)  $7.096.17 for fees for deposition transcripts necessarily obtained for use in the case;
   (4)  $1,773.45 for witness fees;
   (5)  $1.205.2 for fees for exemplification and copies of papers necessarily obtained for use in the case.

**CONCLUSION**

Based on the foregoing, plaintiffs' second motion for bill of costs (DE 165) and motion for disallowance of defendant's costs (DE 167) are GRANTED. Defendant's motion for bill of costs (DE 160) and motion for disallowance of plaintiffs' costs (DE 162) are DENIED. Plaintiffs' first motion for bill of costs (DE 158) and first amended motion for bill of costs (DE 163) are DENIED as moot.

It is hereby ORDERED that costs in the amount of $9,631.14 are taxed against defendant SSC Silver Stream Operating Company LLC and shall be included in the judgment.

SO ORDERED, this the 26th day of September, 2018.

                                            LOUISE W. FLANAGAN
                                            United States District Judge